# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**GRETCHEN G. MARQUARDT,**

     **Plaintiff,**

**v.**                                       **CASE NO:**

**GO HEALTH LLC,**

     **Defendant.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GRETCHEN G. MARQUARDT, (hereinafter "Plaintiff" or "Ms. Marquardt"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, GO HEALTH LLC (hereinafter "Defendant," "GoHealth," or "Company") and alleges:

## INTRODUCTION

1.    The Plaintiff brings this action against Defendant, her former employer, seeking to recover damages for unlawful discrimination based on disability, age, race, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and its implementing Regulations; Chapter 760 of the Florida Statutes, the Florida

Civil Rights Act of 1992, as amended, § 760.10 et seq. ("FCRA"), the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA").

2.     As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated against her, altered the terms, conditions, and privileges of her employment because of her disability, age, and race, and retaliated against her in violation of her rights under Title VII, the FCRA, the ADEA, and the ADA.

3.     As a direct and proximate result of unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, she has suffered and continues to suffer loss of her professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4.     Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental

jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a) and the principles of pendent jurisdiction.

6.     This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.     Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Hillsborough County, Florida.

## **PARTIES**

8.     Plaintiff is a forty-eight-year-old Caucasian female that suffers from anxiety and PTSD related to a 2009 incident where a coworker had stalked Plaintiff and attempted to break into her hotel room during a business meeting. Additionally, Ms. Marquardt suffered severe spinal injuries because of a fall on January 1, 2020, that required spinal surgery and

ongoing treatment.

9.     Plaintiff is a member of a class protected against discrimination and retaliation based on her disability, age, and race under Title VII, the FCRA, the ADEA and the ADA.

10.     During the period from August 21, 2021, until March 21, 2022, Defendant employed Plaintiff.

11.     At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

12.     At all times material herein, Plaintiff was an employee entitled to protection as defined by Title VII, the FCRA, the ADEA, and the ADA.

13.     The Defendant is GOHEALTH, LLC a Foreign Limited Liability Company with a principal place of business located at 214 West Huron Street, Chicago, Illinois 60654.

14.     GoHealth is a Chicago-based health insurance and technology company whose primary business is the operation of sales centers, in which licensed insurance agents help consumers enroll in health insurance plans over the phone.

15.     At all times material herein, Defendant regularly conducted, and

continues to conduct, business throughout Hillsborough County, Florida.

16.    At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, Title VII, the FCRA, the ADEA, and the ADA.

17.    Accordingly, Defendant is liable under Title VII, the FCRA, the ADEA, and the ADA for the unlawful discrimination and retaliation to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

18.    Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

19.    On April 11, 2022, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, discrimination based on her age, race, disability, and retaliation. A true and accurate copy of Plaintiff's Charge of Discrimination, dated April 11, 2022, is attached hereto, and incorporated herein as **Exhibit "A."**

20.    On December 14, 2022, the EEOC issued Plaintiff a Notice of

Right to Sue in reference to her Charge of Discrimination (EEOC Charge No. 511-2022-01675) against Defendant. A true and accurate copy of the EEOC's Notice of Right to Sue, dated December 14, 2022, is attached hereto, and incorporated herein as **Exhibit "B."**

21.     More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is also entitled to bring her FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

22.     All conditions precedent to bringing this action have been performed or have occurred.

## GENERAL ALLEGATIONS

23.     On August 11, 2021, Go Health hired Ms. Marquardt as a Senior Benefits Consultant working remotely out of Tampa, Florida.

24.     On her application and during the interview process, Ms. Marquardt made GoHealth aware of her mental health concerns as well as her need for leave in January 2022 for an additional orthopedic procedure.

25.     Upon hiring, Ms. Marquardt completed the necessary ADA

accommodation requests forms to help her manage both her mental health concerns and her physical disabilities.

26.    As a Senior Benefit Consultant, Go Health promised that Ms. Marquardt would receive highly screened and qualified calls from customers interested in saving on their Medicare.

27.    Ms. Marquardt served as a trusted expert on all things Medicare insurance-related and had access to the nation's best carriers (Humana, Anthem, UnitedHealthcare & more!). Ms. Marquardt's goal was to match customers with an insurance plan that fits their needs and budget.

28.    On or about October 10, 2021, after completing training, GoHealth placed Ms. Marquardt on a sales team managed by Jae Fu'Jetta Green (38-year-old Black female).

29.    Despite Ms. Marquardt converting sales at a rate over 50%, MS. Green treated her in a very poor discriminatory manner. Ms. Green often made demeaning comments, voiced opinions, and used "white girl" voices, accents, or expressions when speaking to Ms. Marquardt. On one occasion, Ms. Green called Ms. Marquardt late at night on her personal cell phone to accuse Ms. Marquardt of stealing company time, being a bad employee and a liar. Ms. Green even threatened that she would demote Ms. Marquardt to

a customer service rep if Ms. Marquardt didn't meet her expectations.

30.     On October 27, 2021, Ms. Green's discriminatory behavior increased when Ms. Marquardt had an IT related concern, she brought to Ms. Green's attention. During the conversation, Ms. Green referred to Ms. Marquardt as "white girl" and as Ms. Marquardt asked Ms. Green additional questions Ms. Green responded with "I can speak white girl too."

31.     Following this conversation, Ms. Marquardt contacted Human Resources Business Partner Benjamin Pryor to inform him of an incident. Ms. Marquardt let Mr. Pryor know that she was not comfortable working on Ms. Green's team and asked to be placed under a new supervisor.

32.     On November 1, 2021, GoHealth placed Ms. Marquardt on a team supervised by Jamea Warren-Simmons (30-year-old Black female).

33.     On or about January 3, 2022, GoHealth transferred Ms. Marquardt to a team managed by Keith David Gardner Jr. (a 52-year-old Black male). On this team, Ms. Marquardt continued to perform her job at a high level but experienced the same discriminatory behavior from Mr. Gardner that Ms. Green had previously subjected her to. Making it worse, Mr. Gardner fostered the discriminatory behavior towards Ms. Marquardt throughout his team. Mr. Gardner and his team routinely joked about

cultural difference in a mocking fashion to make Ms. Marquardt feel that she was not a cultural fit to the team GoHealth had assigned her to. Mr. Gardner allowed members of the team to refer to Ms. Marquardt as the team's "Reese Witherspoon[1]" to embarrass and belittle Ms. Marquardt.

34.    In the beginning of March 2022, Ms. Marquardt received a call from an elder gentleman who thought he was calling his case manager regarding his broken hospital bed. During this call, Ms. Marquardt learned that the caller could not sit up to drink and eat and needed help. Ms. Marquardt tried to assist the caller as best possible without attempting to sell him any products.

35.    Following the call, Mr. Gardner tried to coach Ms. Marquardt by saying she should have kept the gentleman engaged by telling him that we needed to upgrade his Medicare Advantage plan. Ms. Marquardt told Mr. Gardner that she did not believe that would have been ethical and Mr. Gardner began to yell at Ms. Marquardt stating, "you're done" and "you're an ongoing problem that I'm going to handle."

36.    On March 8, 2022, Ms. Marquardt contacted Human Resources

---

[1] This refers to a Saturday Night Live skit performed by Leslie Jones that depicts a scenario where Ms. Jones has a hard time dealing with white people and she consults her Inner White Girl played by Reese Witherspoon.

Business Partner Ricky Galvan to report Mr. Gardner's behavior.

37.    On or about March 10, 2022, Mr. Galvan met with Ms. Marquardt via Zoom to inform her that her allegations were unfounded.

38.    On or about March 16, 2022, a coworker and friend of Mr. Gardner, Sean O'Brien, gave Ms. Marquardt's personal cell phone number to a recently terminated coworker, Maggie (UNL). Maggie then called Ms. Marquardt on her personal cell phone, with Mr. O'Brien, Senior Benefits Consultant Chelsi Rodriguez, and Senior Benefits Consultant Miguel Santana on the line and stated, "you are a stupid cunt that everybody hates with shitty sales, and you are going to get fired bitch."

39.    On March 22, 2022, Ms. Marquardt attempted to log in for her workday and received a message stating that her credentials were invalid. Ms. Marquardt then talked to GoHealth's HR Representative, Ricky Galvin, who stated her employment had been terminated due to an unprofessional afterhours exchange with a former coworker.

40.    Following, Ms. Marquardt's termination GoHealth continued to retaliate against Ms. Marquardt by failing to release her insurance license so that she could secure employment in her field.

41.    Despite GoHealth's decision to hold Ms. Marquardt's insurance

license hostage, they had freely released many other former employee's licenses so that they could find employment; the only difference being that they had not complained about the discriminatory work environment that existed at GoHealth.

**COUNT I**
**VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT**
**Disability Discrimination**

42.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43.    Plaintiff is a forty-eight-year-old Caucasian female that suffers from anxiety and PTSD related to a 2009 incident where a coworker had stalked her and attempted to break into her hotel room during a business meeting. Additionally, Ms. Marquardt suffered severe spinal injuries because of a fall on January 1, 2020, that required spinal surgery and ongoing treatment.

44.    At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of Title VII.

45.    Moreover, Defendant is a "person" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a). Defendant is a "person"

within the meaning of 42 U.S.C. § 2000e(a) in that, the definition "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or receivers." 42 U.S.C. § 2000e(a).

46.   At all times material herein, Defendant employed Plaintiff.

47.   At all times material herein, Plaintiff's supervisors harassed and discriminated against Plaintiff because of her disability.

48.   Defendant, as Plaintiff's employer, was obligated to guard against the harassment of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from harassment in the workplace.

49.   However, Plaintiff, was subjected to a hostile work environment because of her disability through disparate treatment, demeaning comments and behavior, and other discriminatory treatment by Defendant and its employees, supervisors, managers, and other agents as more particularly alleged hereinabove.

50.   Plaintiff believed that her supervisors' offensive acts and

statements materially altered the terms and conditions of her employment. Further, a reasonable person would have found that Plaintiff's supervisors' offensive acts and statements materially altered the terms and conditions of Plaintiff's employment.

51.   Plaintiff did not welcome the offensive statements, acts, harassment, disparate treatment and did not directly or indirectly invite or solicit them by her own acts or statements.

52.   At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about Plaintiff's supervisors' harassment of Plaintiff, but did not take prompt remedial action to eliminate the hostile work environment.

53.   Defendant violated Title VII by subjecting Plaintiff to harassment because of her disability by failing to promptly correct her supervisors' harassment once it learned of it.

54.   Further, Defendant failed to prevent and promptly correct this illegal workplace harassment. Defendant's supervisors, managers, and Human Resources personnel who learned about the objectionable workplace conduct and harassment of Plaintiff by her supervisors failed to promptly take steps to correct the conduct of Plaintiff's supervisors who, like Plaintiff,

was under their supervision, management, and control.

55.     Instead, as more particularly alleged hereinabove, Defendant's personnel further perpetuated the discrimination and hostile work environment by terminating Plaintiff's employment on March 22, 2022.

56.     The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment, discrimination, and disparate treatment of Plaintiff, deprived her of statutory rights under Title VII.

57.     Defendant's actions constitute discrimination and retaliation in violation of Title VII.

58.     As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; and (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to her family and relationships, and

other nonpecuniary losses and intangible injuries.

WHEREFORE, the Plaintiff, GRETCHEN G. MARQUARDT, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, GOHEALTH, LLC, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations, discriminating against Plaintiff based on her disability;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the discrimination to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the hostile work environment and discrimination he has endured;

C.    Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by

Defendant's discriminatory conduct and actions pursuant to Title VII;

D.     Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.     Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.     Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT II
## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
### Race Discrimination

59.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 45 of this Complaint as though fully set forth herein.

60.     Plaintiff is a forty-eight-year-old Caucasian female.

61.     At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of Title VII.

62.     Moreover, Defendant is a "person" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a). Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) in that, the definition "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or receivers." 42 U.S.C. § 2000e(a).

63.     At all times material herein, Defendant employed Plaintiff.

64.     At all times material herein, Plaintiff's supervisors harassed and discriminated against Plaintiff because of her race.

65.     Defendant, as Plaintiff's employer, was obligated to guard against the harassment of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from harassment in the workplace.

66.     However, Plaintiff, was subjected to a hostile work environment because of her race through disparate treatment, demeaning comments and behavior, and other discriminatory treatment by Defendant and its employees, supervisors, managers, and other agents as more particularly

alleged hereinabove.

67.    Plaintiff believed that her supervisors' offensive acts and statements materially altered the terms and conditions of her employment. Further, a reasonable person would have found that Plaintiff's supervisors' offensive acts and statements materially altered the terms and conditions of Plaintiff's employment.

68.    Plaintiff did not welcome the offensive statements, acts, harassment, disparate treatment and did not directly or indirectly invite or solicit them by her own acts or statements.

69.    At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about Plaintiff's supervisors' harassment of Plaintiff, but did not take prompt remedial action to eliminate the hostile work environment.

70.    Defendant violated Title VII by subjecting Plaintiff to harassment because of her race by failing to promptly correct Plaintiff's supervisors' harassment once it learned of it.

71.    Further, Defendant failed to prevent and promptly correct this illegal workplace harassment. Defendant's supervisors, managers, and Human Resources personnel who learned about the objectionable workplace

conduct and harassment of Plaintiff by her supervisors failed to promptly take steps to correct the conduct of her supervisors who, like Plaintiff, was under their supervision, management, and control.

72.    Instead, as more particularly alleged hereinabove, Defendant's personnel further perpetuated the discrimination and hostile work environment by terminating Plaintiff's employment on March 22, 2022.

73.    The conduct of Defendant, by and through its employees, supervisors, managers, and agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment, discrimination, and disparate treatment of Plaintiff, deprived her of statutory rights under Title VII.

74.    Defendant's actions constitute discrimination and retaliation in violation of Title VII.

75.    As a direct, proximate and foreseeable result of Defendant's aforementioned actions, inactions, and violations of Title VII, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; and (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish,

emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to her family and relationships, and other nonpecuniary losses and intangible injuries.

WHEREFORE, the Plaintiff, GRETCHEN G. MARQUARDT, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, GOHEALTH, LLC, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.    Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations, discriminating against Plaintiff based on her race;

B.    Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the discrimination to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the hostile work environment and discrimination he has endured;

C.    Award compensatory damages to Plaintiff in an amount that

will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's discriminatory conduct and actions pursuant to Title VII;

D.      Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.      Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.      Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.      Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT III
## AGE DISCRIMINATION IN VIOLATION OF ADEA

76.    Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 41 of this Complaint as though fully set forth herein.

77.    Plaintiff's age was a determining factor in Defendant's decision

to terminate her.

78.   Defendant knowingly and willfully discriminated against Plaintiff based on her age in violation of the ADEA.

79.   As a direct and proximate result of Defendant's conduct described herein, Plaintiff has suffered from a loss of income and benefits for all of which she should be compensated.

WHEREFORE, Plaintiff, GRETCHEN G. MARQUARDT, demands judgment against Defendant and requests the following relief:

A.   Back pay;

B.   Front pay;

C.   Liquidated damages pursuant to 29 U.S.C. § 626(b);

D.   Attorney's fees and costs; and

E.   Other such relief as may be appropriate to effectuate the purposes of the ADEA.

## COUNT IV
### VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT
### Retaliation

80.   Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 41 of this Complaint as though fully set forth herein.

81.     Plaintiff is a forty-eight-year-old Caucasian female that suffers from anxiety and PTSD related to a 2009 incident where a coworker had stalked her and attempted to break into her hotel room during a business meeting. Additionally, Ms. Marquardt suffered severe spinal injuries because of a fall on January 1, 2020, that required spinal surgery and ongoing treatment.

82.     At all times material herein, Defendant employed Plaintiff and Defendant was an "employer" within the meaning of Title VII.

83.     Moreover, Defendant is a "person" within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(a). Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a) in that, the definition "includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, or receivers." 42 U.S.C. § 2000e(a).

84.     At all times material herein, Defendant employed Plaintiff.

85.     Defendant subjected Plaintiff to adverse employment actions in retaliation for filing a formal grievance regarding discrimination and

harassment which included terminating her employment.

86.   The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation.

87.   As her employer, Defendant was obligated to guard against the harassment, disparate treatment, discrimination, and retaliation of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from harassment and discrimination in the workplace.

88.   Defendant violated Title VII by, among other things, failing to promptly correct the harassment, disparate treatment, discriminatory and retaliatory conduct toward Plaintiff once it learned of it.

89.   Plaintiff, by being subjected to this harassment, disparate treatment, discrimination, retaliation, and a hostile work environment created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

90.   The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative

and remedial action to prevent the harassment, disparate treatment, discrimination, and retaliation of Plaintiff, deprived her of statutory rights under Title VII.

91.   As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, GRETCHEN G. MARQUARDT, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, GOHEALTH, LLC, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.   Grant judgment in favor of Plaintiff and declare that Defendant has violated Title VII of the Civil Rights Act, as amended, and its implementing Regulations, by retaliating against Plaintiff based on her complaints regarding discrimination;

B.      Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of the retaliation to which Defendant subjected her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the hostile work environment and retaliation she has endured;

C.      Award compensatory damages to Plaintiff in an amount that will fully, justly, and reasonably compensate Plaintiff for the nature, extent, and duration of her injuries and damages caused by Defendant's retaliatory conduct and actions pursuant to Title VII;

D.      Award Plaintiff all other damages available under Title VII, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under Title VII, according to proof;

E.      Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

F.      Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT V
### VIOLATION OF FLORIDA CIVIL RIGHTS ACT,
### FLORIDA STATUTES §§ 760.01-11
### Disability Discrimination

92.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 41 of this Complaint as though fully set forth herein.

93.     Plaintiff is a forty-eight-year-old Caucasian female that suffers from anxiety and PTSD related to a 2009 incident where a coworker had stalked her and attempted to break into her hotel room during a business meeting. Additionally, Ms. Marquardt suffered severe spinal injuries because of a fall on January 1, 2020, that required spinal surgery and ongoing treatment.

94.     At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

95.     Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association,   corporation,   joint   apprenticeship   committee,   joint-stock

company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

96.    At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

97.    At all times material herein, Plaintiff's supervisors harassed and discriminated against Plaintiff because of her disability.

98.    Defendant, as Plaintiff's employer, was obligated to guard against the harassment of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from harassment in the workplace.

99.    However, Plaintiff, was subjected to a hostile work environment because of her disability through disparate treatment, demeaning comments and behavior, and other discriminatory treatment by Defendant and its employees, supervisors, managers, and other agents as more particularly alleged hereinabove.

100.  Plaintiff believed that her supervisors' offensive acts and statements materially altered the terms and conditions of her employment.

Further, a reasonable person would have found that Plaintiff's supervisors' offensive acts and statements materially altered the terms and conditions of Plaintiff's employment.

101. Plaintiff did not welcome the offensive statements, acts, harassment, disparate treatment and did not directly or indirectly invite or solicit them by her own acts or statements.

102. At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about Plaintiff's supervisors' harassment of Plaintiff, but did not take prompt remedial action to eliminate the hostile work environment.

103. Defendant violated the FCRA by, among other things, failing to promptly correct the harassment, disparate treatment, and discriminatory conduct toward Plaintiff once it learned of it and by subjecting Plaintiff to harassment, disparate treatment, and a hostile work environment because of her disability.

104. Plaintiff, by being subjected to this harassment, disparate treatment, discrimination, and a hostile work environment created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

105.   The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment, disparate treatment, and discrimination of Plaintiff, deprived her of statutory rights under the FCRA.

106.   As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, GRETCHEN G. MARQUARDT, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, GOHEALTH, LLC, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.   Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her

disability;

B.      Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of Defendant's discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.      Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.      Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.      Award Plaintiff pre- and post-judgment interest;

F.      Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT VI
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT,
## FLORIDA STATUTES §§ 760.01-11
## Racial Discrimination

107.   Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 41 of this Complaint as though fully set forth herein.

108.   Plaintiff is a forty-eight-year-old Caucasian female.

109.   At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

110.   Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

111.   At all times material herein, Defendant was and is an

"employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

112.   At all times material herein, Plaintiff's supervisor Shari Rheuble harassed and discriminated against Plaintiff because of her race.

113.   Defendant, as Plaintiff's employer, was obligated to guard against the harassment of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from harassment in the workplace.

114.   However, Plaintiff, was subjected to a hostile work environment because of her race through disparate treatment, demeaning comments and behavior, and other discriminatory treatment by Defendant and its employees, supervisors, managers, and other agents as more particularly alleged hereinabove.

115.   Plaintiff believed that her supervisors' offensive acts and statements materially altered the terms and conditions of her employment. Further, a reasonable person would have found that Plaintiff's supervisors' offensive acts and statements materially altered the terms and conditions of Plaintiff's employment.

116.   Plaintiff did not welcome the offensive statements, acts, harassment, disparate treatment and did not directly or indirectly invite or

solicit them by her own acts or statements.

117.   At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about Plaintiff's supervisors' harassment of Plaintiff, but did not take prompt remedial action to eliminate the hostile work environment.

118.   Defendant violated the FCRA by, among other things, failing to promptly correct the harassment, disparate treatment, and discriminatory conduct toward Plaintiff once it learned of it and by subjecting Plaintiff to harassment, disparate treatment, and a hostile work environment because of her race.

119.   Plaintiff, by being subjected to this harassment, disparate treatment, discrimination, and a hostile work environment created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

120.   The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment, disparate treatment, and discrimination of Plaintiff, deprived her of statutory rights under the FCRA.

121.   As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, GRETCHEN G. MARQUARDT, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, GOHEALTH, LLC, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.     Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her race;

B.     Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of Defendant's discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related

benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.     Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.     Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.     Award Plaintiff pre- and post-judgment interest;

F.     Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT VII
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT,
## FLORIDA STATUTES §§ 760.01-11
## Age Discrimination

122.   Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 45 of this Complaint as though fully set forth herein.

123.   Plaintiff is a forty-eight-year-old Caucasian female.

124.   At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

125.   Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

126.   At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

127.   At all times material herein, Plaintiff's supervisors harassed and

discriminated against Plaintiff because of her age.

128.   Defendant, as Plaintiff's employer, was obligated to guard against the harassment of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from harassment in the workplace.

129.   However, Plaintiff, was subjected to a hostile work environment because of her age through disparate treatment, demeaning comments and behavior, and other discriminatory treatment by Defendant and its employees, supervisors, managers, and other agents as more particularly alleged hereinabove.

130.   Plaintiff believed that her supervisors' offensive acts and statements materially altered the terms and conditions of her employment. Further, a reasonable person would have found that Plaintiff's supervisors' offensive acts and statements materially altered the terms and conditions of Plaintiff's employment.

131.   Plaintiff did not welcome the offensive statements, acts, harassment, disparate treatment and did not directly or indirectly invite or solicit them by her own acts or statements.

132.   At all times material herein, Defendant knew, or in the exercise

of reasonable care should have known, about Plaintiff's supervisors' harassment of Plaintiff, but did not take prompt remedial action to eliminate the hostile work environment.

133.   Defendant violated the FCRA by, among other things, failing to promptly correct the harassment, disparate treatment, and discriminatory conduct toward Plaintiff once it learned of it and by subjecting Plaintiff to harassment, disparate treatment, and a hostile work environment because of her age.

134.   Plaintiff, by being subjected to this harassment, disparate treatment, discrimination, and a hostile work environment created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

135.   The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment, disparate treatment, and discrimination of Plaintiff, deprived her of statutory rights under the FCRA.

136.   As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to

suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, GRETCHEN G. MARQUARDT, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, GOHEALTH, LLC, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.     Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her age;

B.     Award sufficient remedial relief to make Plaintiff whole for the individual loss that he has suffered because of Defendant's discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

C.     Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.     Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.     Award Plaintiff pre- and post-judgment interest;

F.     Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.     Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT VIII
## VIOLATION OF FLORIDA CIVIL RIGHTS ACT,
## FLORIDA STATUTES §§ 760.01-11
## Retaliation

137.  Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 41 of this

Complaint as though fully set forth herein.

138.   Plaintiff is a forty-eight-year-old Caucasian female that suffers from anxiety and PTSD related to a 2009 incident where a coworker had stalked her and attempted to break into her hotel room during a business meeting. Additionally, Ms. Marquardt suffered severe spinal injuries because of a fall on January 1, 2020, that required spinal surgery and ongoing treatment.

139.   At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

140.   Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

141.   At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

142.   Defendant subjected Plaintiff to adverse employment actions in

retaliation for filing a formal grievance regarding discrimination and harassment which included terminating her employment.

143.  The actions and inaction of Defendant, by and through the conduct of its employees, supervisors, managers, and agents, as more particularly described hereinabove, constitute unlawful retaliation.

144.  As her employer, Defendant was obligated to guard against the harassment, disparate treatment, discrimination, and retaliation of Plaintiff by her co-workers, supervisors, managers, and other agents of Defendant and to protect Plaintiff from harassment and discrimination in the workplace.

145.  Defendant violated the FCRA by, among other things, failing to promptly correct the harassment, disparate treatment, discriminatory and retaliatory conduct toward Plaintiff once it learned of it.

146.  Plaintiff, by being subjected to this harassment, disparate treatment, discrimination, retaliation, and a hostile work environment created by Defendant, was unreasonably and negatively affected in the terms, conditions, or privileges of her employment with Defendant.

147.  The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise

reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the harassment, disparate treatment, discrimination, and retaliation of Plaintiff, deprived her of statutory rights under the FCRA.

148.   As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

WHEREFORE, the Plaintiff, GRETCHEN G. MARQUARDT, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, GOHEALTH, LLC, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

A.      Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by retaliating against Plaintiff based on her continued complaints related to the discriminatory conduct of her

supervisors;

B.     Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's retaliation against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the retaliation she has endured;

C.     Award compensatory damages to Plaintiff in a sum that will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's retaliatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

D.     Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

E.     Award Plaintiff pre- and post-judgment interest;

F.     Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

G.   Grant such other and further relief as this Court may deem equitable, just, and proper.

## **<u>DEMAND FOR TRIAL BY JURY</u>**

Plaintiff respectfully requests a trial by jury.

Date this 3rd day of February 2023.

*/s/ Jason W. Imler, Esq_____*
Jason W. Imler
Florida Bar No. 1004422
Brian T. Gruber, Esq.
Florida Bar No. 1027865
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com
Brian@ImlerLaw.com
Attorneys for Plaintiff
